DEYRAUD *vs.* BANKS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the notary states that he " demanded payment for said note at the domicil of the maker thereof, and was answered, that he was not there, and had left no funds to pay it," the demand is sufficient.

This is an action against the maker and endorser of a promissory note, duly protested for non-payment.

The endorser alone made defence. He pleaded the general issue, and put the plaintiff on strict proof of his demand. In an amended answer he prayed for a trial by jury, which was disallowed, as the application was made since the promulgation of the law requiring a substantial defence to be sworn to in a suit on a monied obligation.

There was judgment against the defendant, and he appealed.

*F. B. Conrad*, for the appellant.

*Hoa*, contra.

*Garland, J.*, delivered the opinion of the court.

This suit was commenced on a promissory note for one thousand four hundred dollars, against F. Tessier as the maker, and Banks as endorser. The former made no defence, yet no judgment is rendered against him. Banks, in October, 1838, filed a general denial; on the 17th April following, he filed a supplemental answer, asking that the cause be tried by a jury. This was afterwards rejected by the court below, on the ground that the defendant had not brought himself within the provisions of the act of the legislature, approved March 20th, 1839, allowing juries in suits commenced on promissory notes. The district judge was certainly correct, as the defendant had not complied with the provisions of the statute, and gave judgment against Banks, who appealed.

EASTERN DIST.
December, 1840.

DEYRAUD
vs.
BANKS.

The ground of defence now is, that it is not sufficiently set forth in the protest of the notary, that he presented the note for payment, and the language used by this court in the case of *Warren* vs. *Briscoe*, 12 *Louisiana Reports*, 472, is relied on to sustain the objection. There is a material difference between that case and the present. In that, the notary does not state he presented the note for payment, or made a demand of payment, and the court very properly held the proof of the demand insufficient, but in this case, the notary says, he "demanded payment for said note at the domicil of the maker thereof, and was answered that he was not there, and had not left funds there to pay it." We think this sufficient. The question now raised, was before us at the October Term, in the Western District, in the case of *Nott's Executor et al.* vs. *Beard, ante*, 308; and the case of Warren *vs.* Briscoe, fully discussed. We then held, a protest similar to the present was sufficient, and the reasons for that opinion are stated fully.

The plaintiff claims damages for a frivolous appeal. We are not disposed to go to the extent allowed by law, as it is possible the defendant may have been induced to take this appeal in consequence of the generality of the language used in the case of Warren *vs.* Briscoe.

It is, therefore, ordered and adjudged, that the judgment of the District Court be affirmed, with costs and five per cent damages.

*Where the notary states that he "demanded payment for said note at the domicil of the maker thereof, and was answered that he was not there, and had left no funds to pay it," the demand is sufficient.*